[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff brings this action in dental malpractice against the two defendants, Dr. Schreiber practicing orthodontic dentistry, and Dr. Goldberg practicing oral and maxillofacial surgery, for losses and injuries to her upper teeth in two separate counts, the first against Dr. Schreiber and the second against Dr. Goldberg. After the closing of the pleadings in which the respective dentists denied their alleged negligence, Dr. Schreiber has moved for summary judgment on the plaintiff's complaint in the first count.
Attached to the motion for summary judgment is a copy of a disclosure answered by the plaintiff on April 1, 1988, a copy of part of a disclosure requested on October 7, 1988 and a portion of the deposition of Dr. Squatrito, the plaintiff's expert whose testimony as designated in the October 7, 1988 disclosure will be offered on the treatment by Dr. Goldberg. The arguments of counsel reduced the issue before the court as to whether the plaintiff's claims against Dr. Schreiber that he failed to adequately warn or advise the plaintiff of the consequences and risks of the course of treatment eventually rendered required the testimony of an expert witness.
The essence of the documents produced by the defendant is that Dr. Squatrito is the only expert disclosed pursuant to P.B. 220(d) and that he has admitted in his deposition that he is not an orthodontist and is not qualified to render an opinion about the standard of care of an orthodontist in this matter. The defendant therefore argues that, since the standard of practice regarding informed consent must be based on expert testimony, the plaintiff is without an issue of fact. Hammer v. Mount Sinai Hospital, 25 Conn. App. 702, 706.
"The failure to make a sufficient disclosure, which is ordinarily the basis for claiming lack of informed consent, has been regarded by most courts as presenting the question, not whether there was an effective consent which would preclude an action for battery, but whether the physician has fulfilled his duty of informing the patient under the appropriate standard." Logan v. Greenwich Hospital Assn., 191 Conn. 282, 289. Although traditionally the standard has been one set in terms of customary medical practice requiring only members of the profession familiar with the standard qualified to testify about it, our Supreme Court has adopted the "lay" standard of CT Page 10717 disclosure, therefore denying members of the profession to be the sole arbiter of what information is necessary for an informed decision to be made by a patient concerning his own well-being. Id. 289-293. Lay witness testimony can competently establish failure to disclose, the patient's lack of knowledge of the risk and the adverse consequences. Canterbury v. Spence,464 F.2d 772, 792.
The court therefore denies the motion for summary judgment.
CORRIGAN, J.